## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the | ) | |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Case No. 10-268-S.EJL |
| | ) | |
| v. | ) | |
| | ) | **FINAL JUDGMENT** |
| IDAHO ORTHOPAEDIC SOCIETY, | ) | |
| TIMOTHY DOERR, | ) | |
| JEFFREY HESSING, | ) | |
| IDAHO SPORTS MEDICINE INSTITUTE, | ) | |
| JOHN KLOSS, | ) | |
| DAVID LAMEY, and | ) | |
| TROY WATKINS, | ) | |
| | ) | |
| Defendants. | ) | |

WHEREAS, Plaintiffs, the United States of America and the State of Idaho, filed

their joint Complaint on May 28, 2010, alleging that the defendants, the Idaho Orthopaedic

Society, Dr. Timothy Doerr, Dr. Jeffrey Hessing, Idaho Sports Medicine Institute, Dr. John

Kloss, Dr. David Lamey, and Dr. Troy Watkins, participated in agreements in violation of

Section 1 of the Sherman Act, and the State of Idaho has also alleged in the Complaint that

the defendants violated Idaho Code Section 48-104 of the Idaho Competition Act; and the

Plaintiffs and the defendants, by their respective attorneys, have consented to the entry of this

Final Judgment without trial or adjudication of any issue of fact or law;

AND WHEREAS this Final Judgment does not constitute any admission by the

1

defendants that the law has been violated or of any issue of fact or law, other than that the jurisdictional facts as alleged in the Complaint are true;

AND WHEREAS the defendants agree to be bound by the provisions of this Final Judgment, pending its approval by this Court;

AND WHEREAS, the United States requires the defendants to agree to certain procedures and prohibitions for the purposes of preventing recurrence of the alleged violation and restoring the loss of competition alleged in the Complaint;

NOW THEREFORE, before any testimony is taken, without trial or adjudication of any issue of fact or law, and upon consent of plaintiffs and the defendants, it is ORDERED, ADJUDGED AND DECREED:

## I. <u>JURISDICTION</u>

This Court has jurisdiction over the subject matter of and each of the parties to this action.  The Complaint states a claim upon which relief may be granted against the defendants under Section 1 of the Sherman Act, 15 U.S.C. § 1, and Idaho Code Section 48-101 *et seq.* of the Idaho Competition Act.

## II. <u>DEFINITIONS</u>

As used in this Final Judgment:

(A)    "communicate" means to discuss, disclose, transfer, disseminate, or exchange information or opinion, formally or informally, directly or indirectly, in any manner;

(B)    "competing physician" means any orthopedist and orthopedic practice other than the defendant's practice, physicians in that practice, or that practice's employees or

agents, in any of the following counties:  Ada, Boise, Canyon, Gem, and Owyhee, Idaho;

(C)     "defendants" means defendants the Idaho Orthopaedic Society, Dr. Timothy

Doerr, Dr. Jeffrey Hessing, Idaho Sports Medicine Institute, Dr. John Kloss, Dr. David

Lamey, and Dr. Troy Watkins, who have consented to entry of this Final Judgment, and all

persons acting as agents on behalf of any of them;

(D)     "on-call coverage" means any arrangement between a hospital and physicians

whereby the physicians agree to provide medical services on an as needed basis to the

hospital's emergency department;

(E)     "payer" means any person that purchases or pays for all or part of a physician's

services for itself or any other person and includes but is not limited to independent practice

associations, individuals, health insurance companies, health maintenance organizations,

preferred provider organizations, employers, and governmental or private workers'

compensation insurers;

(F)     "payer contract" means a contract between a payer and a physician or

physician practice by which that physician or physician practice agrees to provide physician

services to persons designated by the payer; and

(G)     "person" means any natural person, corporation, firm, company, sole

proprietorship, partnership, joint venture, association, institute, governmental unit,

organization, or other legal entity.

### III.  APPLICABILITY

This Final Judgment applies to the defendants and all other persons in active concert

or participation with any of them who receive actual notice of this Final Judgment by personal service or otherwise.

## IV.  **PROHIBITED CONDUCT**

The defendants each are enjoined from, in any manner, directly or indirectly:

(A)     encouraging, facilitating, entering into, participating in, or attempting to engage in any actual or potential agreement or understanding with, between, or among competing physicians about:

(1)     any fee, or other payer contract term or condition, with any payer or group of payers, including the acceptability or negotiation of any fee or other payer contract term with any payer or group of payers;

(2)     the manner in which the defendant or any competing physician will negotiate with, contract with, or otherwise deal with any payer or group of payers, including participating in or terminating any payer contract; or

(3)     any refusal to deal or threatened refusal to deal with any payer; or

(B)     communicating with any competing physician or facilitating the exchange of information between or among competing physicians about:

(1)     the actual or possible view, intention, or position of any defendant or his or her medical practice group, or any competing physician concerning the negotiation or acceptability of any proposed or existing payer contract or contract term, including the negotiating or contracting status of the defendant, his or her medical group, or any competing physician with any payer or group of payers, or

4

(2)     any proposed or existing term of any payer contract that affects:

(a)     the amount of fees or payment, however determined, that the defendant, his or her medical practice group, or any competing physician charges, contracts for, or accepts from or considers charging, contracting for, or accepting from any payer or group of payers for providing physician services;

(b)     the duration, amendment, or termination of any payer contract; or

(c)     the manner of resolving disputes between any parties to any payer contract.

## V.  **PERMITTED CONDUCT**

(A)     Subject to the prohibitions of Section IV of this Final Judgment, the defendants:

(1)     may discuss with any competing physician any medical topic or medical issue relating to patient care; and

(2)     may participate in activities of any medical society.

(B)     Nothing in this Final Judgment shall prohibit the defendants from:

(1)     advocating or discussing, in accordance with the *Noerr-Pennington* doctrine, legislative, judicial, or regulatory actions, or other governmental policies or actions;

(2)     participating, or engaging in communications necessary to participate, in lawful surveys or activities by clinically or financially integrated physician network joint ventures and multi-provider networks as those terms are used in Statements 5, 6, 8, and 9 of the 1996 Department of Justice and Federal Trade Commission Statements of Antitrust

Enforcement Policy in Health Care, 4 Trade Reg. Rep. (CCH) ¶ 13,153; or

        (3)     engaging in conduct solely related to the administrative, clinical, financial, or other terms of providing on-call coverage at a hospital or hospital system.  Section V(B)(3) of this Final Judgment is not a determination that such conduct does not violate any law enforced by the United States Department of Justice or the Office of the Idaho Attorney General.

## VI.  REQUIRED CONDUCT

(A)     Within 60 days from the entry of this Final Judgment, each defendant shall distribute a copy of this Final Judgment and the Competitive Impact Statement in the following manner:

        (1) in the case of individual defendants Drs. Doerr, Hessing, Kloss, Lamey, and Watkins, to their respective practices' chief administrative employee and to all physicians that practice or have practiced in the same practice group as that defendant since January 1, 2006;

        (2) in the case of Idaho Sports Medicine Institute, to its practice's chief administrative employee and physicians that practice or have practiced with that practice group since January 1, 2006; and

        (3) in the case of the Idaho Orthopaedic Society, to all members of that organization since January 1, 2006.

(B)     For a period of ten years following the date of entry of this Final Judgment, each defendant shall certify to the United States annually on the anniversary date of the entry

of this Final Judgment whether the defendant has complied with the provisions of this Final Judgment.

## VII.  COMPLIANCE INSPECTION

(A)     For the purposes of determining or securing compliance with this Final Judgment or whether the Final Judgment should be modified or vacated, and subject to any legally recognized privilege, authorized representatives of the United States Department of Justice or the Office of the Idaho Attorney General (including their consultants and other retained persons) shall, upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division or the Office of the Idaho Attorney General and on reasonable notice to each defendant, be permitted:

(1)     access during each defendant's office hours to inspect and copy, or, at the United States' or the State of Idaho's option, to require that each defendant provide hard or electronic copies of all books, ledgers, accounts, records, data, and documents in the possession, custody, or control of defendants, relating to any matters contained in this Final Judgment; and

(2)     to interview, either informally or on the record, defendants and their officers, employees, or agents, who may have their individual counsel present, regarding such matters.  The interviews shall be subject to the reasonable convenience of the interviewee without restraint or interference by defendants.

(B)     Upon the written request of an authorized representative of the Assistant Attorney General in charge of the Antitrust Division or the Office of the Idaho Attorney

General, each defendant shall submit written reports or a response to written interrogatories, under oath if requested, relating to any of the matters contained in this Final Judgment as may be requested.

(C)    No information or documents obtained by the means provided in this section shall be divulged by the United States to any person other than an authorized representative of the executive branch of the United States, except in the course of legal proceedings to which the United States is a party (including grand jury proceedings), or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

(D)    No information or documents obtained by the means provided in this section shall be divulged by the State of Idaho to any person other than an authorized representative of the executive branch of the State of Idaho, except in the course of legal proceedings to which the State of Idaho is a party, or for the purpose of securing compliance with this Final Judgment, or as otherwise required by law.

(E)    If at the time information or documents are furnished by defendants to the United States or the State of Idaho, defendants represent and identify in writing the material in any such information or documents to which a claim of protection may be asserted under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and defendants mark each pertinent page of such material, "Subject to claim of protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure," then the United States and the State of Idaho shall give defendants ten calendar days notice prior to divulging such material in any legal proceeding (other than a grand jury proceeding).

## VIII.  RETENTION OF JURISDICTION

This Court retains jurisdiction to enable any party to this Final Judgment to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Final Judgment, to modify any of its provisions, to enforce compliance, and to punish violations of its provisions.

## IX.  EXPIRATION OF FINAL JUDGMENT

Unless this Court grants an extension, this Final Judgment shall expire ten years from the date of its entry.

## X.  PUBLIC INTEREST DETERMINATION

Entry of this Final Judgment is in the public interest.  The parties have complied with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, including making copies available to the public of this Final Judgment, the Competitive Impact Statement, any comments thereon, and plaintiff United States's response to comments.  Based upon the record before the Court, which includes the Competitive Impact Statement and any comments and response to comments filed with the Court, entry of this Final Judgment is in the public interest.

Court approval subject to procedures of Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, and pursuant to Idaho Code § 48-108(3) of the Idaho Competition Act.

Dated: _____        _____
United States District Judge